IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| Interpool, Inc. d/b/a TRAC Intermodal | * | |
| Plaintiff, | * | Civil Action No. 14-cv-00298 |
| v. | * | |
| 3-R Enterprises LLC d/b/a Rawhide Transport, | * | |
| | * | |
| A-One Transport LLC, | | |
| | * | |
| Craig A. Randall and Dwight S. Randall d/b/a A-One Transportation, | * | |
| Defendants, | * | |
| and | * | |
| American President Lines, Ltd., | * | |
| CMA CGM (America) Inc., | * | |
| Hamburg Sud North America, Inc., | * | |
| OOCL (USA) Inc., | * | |
| Garnishees. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT WITH
REQUEST FOR WARRANT OF ARREST AND
<u>FOR WRITS OF MARITIME ATTACHMENT AND GARNISHMENT</u>**

Interpool, Inc. d/b/a TRAC Intermodal ("Trac") sues 3-R Enterprises LLC d/b/a Rawhide Transport, A-One Transport LLC, and Craig A. Randall and Dwight S. Randall d/b/a A-One Transportation (collectively, the "Defendants") *in personam and quasi in rem*, pursuant to Federal Supplemental Admiralty and Maritime Rule B, as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, 28 U.S.C. § 1330, Supplemental Rule B, and Fed. R. Civ. P. 9(h).

2. Venue is proper in this Court because the Garnishees and their accounts owing to defendants, all property of defendants, on information and belief are located and can be found in this District. Defendants cannot be found in this District within the meaning of Supplemental Rule B. Pursuant to Fed. R. Civ. P. 9 (c), plaintiff states that all conditions precedent to plaintiff's claims herein have occurred or been performed.

**The Parties**

3. Trac is a Delaware corporation which provides and has provided marine equipment, including marine chassis, for the movement of cargo internationally in maritime commerce, including to defendant for delivery of marine cargo to consignees, to and from ports of the United States including the Ports of New York and New Jersey.

4. 3-R Enterprises LLC d/b/a Rawhide Transport, A-One Transport LLC, and Craig A. Randall and Dwight S. Randall d/b/a A-One Transportation are Texas corporations with offices at 7941 Dockal Rd, Houston, TX 77028 and 12622 Enchanted Path, Houston, TX 77044.

5. Defendants have utilized Trac's marine equipment, namely, chassis, taking them from chassis pools in certain marine ports and have refused to pay Trac, despite numerous demands for payment. Defendants are currently indebted to Trac for at least $61,791.13, which sum does not include contractual recovery and related fees, attorneys fees, and interest accrued. On information and belief, Defendants have provided carriage services to each of the named Garnishees and each is, or may be, indebted to Defendants.

6.  American President Lines, Ltd., CMA CGM (America) Inc., Hamburg Sud North America, Inc., and OOCL (USA) Inc. are each individual corporations registered to do business in Maryland and have, or may soon have, property of Defendants.

### Count I - Breach of Maritime Contracts

7.  Trac incorporates the above paragraphs as if specifically set forth herein.

8.  Defendants have taken Trac's marine equipment, have used it to move maritime cargo, and have failed to pay Trac the contractual charges for such usage, or any other amount.

9.  Defendants continue to use Trac's marine equipment without payment despite Trac's demands that they stop such practices and pay for their past usage.

10. Trac therefore demands judgment against Defendants, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B)

11. Trac incorporates the above paragraphs as if specifically set forth herein.

12. On information and belief, Defendants have, or soon will have, property within this District held by Garnishees American President Lines, Ltd., CMA CGM (America) Inc., Hamburg Sud North America, Inc., and/or OOCL (USA) Inc. (collectively, the "Garnishees"), including but not limited to, accounts receivable owed to Defendants by the Garnishees.

13. Defendants cannot be found within this District pursuant to Supplemental Rule B, and this Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of Defendants' tangible or intangible property or any other funds held any of the Garnishees on behalf of Defendants, up to the amount of at least the amount demanded herein to secure Trac's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to

Supplemental Rule B, answer the matters alleged in the Verified Complaint, as more fully set out below.

### **Prayer for Relief**

WHEREFORE, Plaintiff prays:

A. That in response to Count I , judgment be entered against defendant in the amount of at least USD $61,791.13, plus interest, costs and attorneys fees;

B. That in response to Count II, since defendants cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of defendants' tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure plaintiff's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint; and

C. That this Court award plaintiff such other and further relief that this Court deems just and proper.

Dated: January 30, 2014.

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
John T. Ward (#1507)
Marios J. Monopolis (#29177)
SIMMS SHOWERS LLP
20 South Charles Street, Suite 702
Baltimore, Maryland 21201
Tel:    410-783-5795
Fax:   410-510-1789
Email: jssimms@simmsshowers.com
            jtward@simmsshowers.com
            mjmonopolis@simmsshowers.com

**VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of plaintiff made available to me by plaintiff. Authorized officers of plaintiff are not readily available in this District to make verifications on plaintiff's behalf. I am authorized to make this verification on plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of defendants, finding no presence of the defendant in this District. There is no record of any general or resident agent authorized to accept service of process for defendants in this District.

> Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on January 30, 2014.
>
> /s/ J. Stephen Simms
> J. Stephen Simms